UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 08-109-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ALAN ANDREW HELVEY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition (also known as a Report and Recommendation or "R&R") [R. 143] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Alan A. Helvey, violated the terms of his supervised release for a third time. [*Id*. at 2.] After the final hearing concerning Helvey's second violation, the Court adopted the Magistrate Judge's recommendation to revoke Helvey's supervised release with incarceration for the one week already served in custody and re-imposed supervised release for thirty-three months minus the one week served. [R. 135.] Helvey was then released from custody on October 2, 2013, to begin his supervised release term. Only a few months later, the USPO submitted a third supervised release violation report, alleging that Helvey has once again violated his supervised release.

According to his most recent violation report, Helvey is charged with violating Standard Condition No. 7 by testing positive for the presence of oxycodone on February 24, 2014, and then denying use of any controlled substance despite the positive test. Related to that incident, Helvey is also charged with failure to refrain from committing another federal, state, or local

crime. In particular, this second violation charges Helvey with conduct that would be a federal crime because his use of a controlled substance would include possession of oxycodone in this instance, which is a Class E Felony pursuant to 21 U.S.C. §844(a). [*See* R. 143 at 3-4.] After issuing an arrest warrant, the matter was referred to Magistrate Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter. [R. 138.]

On March 20, 2014, Judge Ingram conducted a final hearing on revocation of Helvey's supervised release. [R. 141.] At the revocation hearing, Helvey stipulated to both violations as charged in the report. The parties disputed the appropriate sentence, however, because of several aggravating and mitigating factors involved. The United States noted that because of Helvey's history of repeatedly violating conditions of his supervised release, it would normally seek the statutory maximum term of incarceration. The United States also noted that in the case of possession of a controlled substance, revocation is mandatory, and requested that the sentence be significant enough to promote respect for the law. However, both parties also emphasized several mitigating factors such as the fact that Helvey is employed with a possibility of promotion to management, and he has been taking care of his own children in addition to taking custody of his wife's child from another relationship. Defense counsel also referenced unfortunate circumstances in Helvey's past and his attempts to overcome his addition. The United States requested a twelve-month term of incarceration, which is below the maximum but at the top of the Sentencing Guidelines, and with no further supervised release. Defense counsel requested a term of six months incarceration with a condition of weekly testing for as long as the Court deems appropriate.

On March 24, 2014, Judge Ingram issued an R&R, [R. 143] recommending a sentence

within the Guidelines Range even though Helvey has repeatedly violated his release conditions. [*Id*. at 7.] Judge Ingram noted that although a third instance of drug use would normally suggest the need for imprisonment above the Guidelines range, the mitigating factors referenced by both parties made the Guidelines Range a more appropriate starting point than the maximum statutory penalties. [*Id*.] However, Judge Ingram also recommended that imprisonnment at the top of that range was "necessary to reflect the seriousness of the violation and the gravity of the breach of the Court's trust." [*Id*. at 8.]

In light of these considerations, Judge Ingram recommended that the Court impose a term of incarceration for twelve months. [*Id*. at 8.] Judge Ingram agreed with the parties that a further period of supervised release should not be re-imposed because the record reflects that the significant efforts of the USPO to rehabilitate Helvey "have not been helpful," and therefore further supervision is not warranted. [*Id*. at 9.] The R&R concluded by directing the parties' attention to the relevant statute that requires any objections to be filed within fourteen (14) days of service. [*Id*. at 9-10.] *See* 28 U.S.C. § 636(b)(1). Helvey has advised the Court that he does not object to the R&R, and he has submitted a Waiver of Allocution signed by both himself and his counsel. [R. 144.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the

record, and it agrees with the Magistrate Judge's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Recommended Disposition [R. 143] as to Alan Andrew Helvey is **ADOPTED** as and for the Opinion of the Court;

(2) The Defendant, Alan Andrew Helvey, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office;

(3) Helvey's Supervised Release is **REVOKED** with incarceration for a term of twelve months;

(4) No term of supervised release is to follow;

(5) The allocution hearing has been **WAIVED** [R. 144]; and

(6) Judgment shall be entered promptly.

This 7th day of April, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge